JOSEPH W. SUTTON, RELATOR, v. LEROY S. CHAMPION,
COLLECTOR OF TAXES OF THE TOWNSHIP OF
MAURICE RIVER, IN THE COUNTY OF CUMBERLAND,
AND THE TOWNSHIP OF MAURICE RIVER, IN THE
COUNTY OF CUMBERLAND, RESPONDENTS.

Argued May 7, 1924—Decided November 24, 1924.

**Taxes and Assessments—Tax Sale for Non-payment—Failure to
Redeem and Consummation of Sale—Unsuccessful Effort
Then Made to Set Aside Sale by Certiorari—Bill Then Filed
to Restrain an Ejectment Suit Which was Dismissed on
Ground That Legal Remedy Had Been Debarred by Laches
—Notwithstanding Sale Properly Continued to be Assessed
to Relator and, Finally, Tender of All Back Taxes Made
and Refused—Mandamus to Compel Acceptance Refused.**

On alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the relator, *Herbert C. Bartlett* and *Walter H. Bacon.*

For the respondents, *Louis H. Miller.*

PER CURIAM.

This case is before us on a demurrer to the return made
under an alternative writ of *mandamus.* The relator is
Joseph W. Sutton. The respondents are the collector of
taxes of Maurice River township and the township of Maurice
River. The facts, condensed, are that Joseph W. Sutton
was the owner of five acres of land in Maurice River town-
ship, two of which were used for cemetery purposes. Sutton
did not pay the taxes due upon this property, and on August
8th, 1914, Ellis Boggs, the then collector of taxes of the
township, offered the property for sale. It was bought by
the township. Boggs delivered to the township a certificate
of sale, duly acknowledged. On September 4th, 1914, this

certificate was recorded in the Cumberland county clerk's office. On April 25th, 1915, the township served on Sutton a notice in writing to redeem. An affidavit of the service was made. Sutton did not redeem. On January 8th, 1918, the notice to redeem, affidavit of service of notice to redeem, and an affidavit of non-redemption made by the township clerk were attached to the tax certificate recorded in the Cumberland county clerk's office as a deed, and the tax deed was at the same time filed with the county clerk. Sutton then endeavored to set aside the tax sale by a writ of *certiorari*. In the Court of Errors and Appeals of this state it was finally decided, on November 17th, 1919, that in view of the provisions of section 14 of the *Certiorari* act of 1903 a review of the sale for unpaid taxes is limited to three years from the date of sale. The judgment of the Supreme Court dismissing the writ of *certiorari* was affirmed. Sutton then took another course. He filed a bill in the Court of Chancery to restrain an action of ejectment instituted by the township. This bill was dismissed on the ground that where the legal remedy is debarred by laches, equitable relief will not be afforded. An appeal was taken to the Court of Errors and Appeals from this decree, and on February 9th, 1922, the decree dismissing the bill was affirmed. Notwithstanding the sale the lands were assessed each year in the name of Sutton. On July 1st, 1923, Sutton tendered to the present collector of taxes the amount of all taxes due from 1913 to 1923. This tender was refused. He then applied for a writ of *mandamus*. The purpose of this proceeding is to permit the redemption of said lands by compelling the acceptance of the amount tendered. The effect of allowing the writ would be to hold the proceeding under which the tax sale was conducted void after it has been twice held by the Court of Errors and Appeals that Sutton was in laches and could not attack the proceedings because of his laches. The effect of granting to the relator the remedy he seeks would be to permit a collateral attack upon the tax proceedings after the relator has been held barred from making a direct attack. The power to issue a writ of *mandamus* is a

discretionary one. *Jones Co.* v. *Guttenberg*, 66 *N. J. L.* 58. To entitle a relator to his remedy it must appear that the relator has a legal right to have something done by the party to whom he seeks to have the writ directed and which has not been done. *Nicholson Pavement Co.* v. *Mayor of Newark*, 35 *Id.* 396. We think we should not *mandamus* the present collector of Maurice River township to accept the amount tendered by the relator, and thereby permit the relator to redeem, as the relator did not take within time the usual and proper method to have the validity of the tax sale adjudicated. By reason of the laches of the relator in this respect others may have obtained rights in the property which would be jeopardized. The legal right of the relator is not clear. The demurrer will be overruled. The respondents are entitled to judgment on the demurrer, with costs.